IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIEZ, et al.,<br><br>    Defendants. | No.  2:20-CV-0071-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 25.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues appointment of counsel is warranted because: (1) he is an inmate being treated for depression and suicidal thoughts; (2) his mental health is "not good"; (3) he cannot locate missing legal books; (4) there is limited movement between prisons; (5) there has been no law library access for over a year; and (6) there is a good chance of success on the merits.  <u>See</u> ECF No. 25, pgs. 1-3.

First, despite Plaintiff's mental illness and associated treatment, the record demonstrates that Plaintiff has the ability to articulate himself on his own.  Second, because Plaintiff has not yet filed an amended complaint sufficient to state cognizable claims, the Court does not find that, as present, Plaintiff has any likelihood of success on the merits.  Finally, the Court does not at this time find any other exceptional circumstances which warrant the appointment of counsel

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 25, is denied.

Dated:  March 11, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE