IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | No. 2:20-CV-0071-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CONNIE GIPSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 58.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because: (1) he recently underwent an emergency procedure on his back; (2) he does not understand how to respond to Defendants' pending motion or summary judgment; (3) he was recently transferred to another prison; and (4) he is confined to a wheelchair as a result of recent surgery. See ECF No. 58. While the combination of circumstances is unusual, they are not exceptional in that they are, at least individually, common among many inmates. Moreover, the docket reflects that, to date, Plaintiff has been able to articulate his claims and arguments. Next, the Court does not find that the facts or law related to Plaintiff's case are overly complicated. Finally, with a motion for summary judgment pending, the Court cannot say that Plaintiff has established a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 58, is denied.

Dated: February 27, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE