1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY SMITH,                              No.  2:20-cv-00071-DAD-DMC (PC)

12              Plaintiff,                      ORDER DECLINING TO ADOPT FINDINGS
                                               AND RECOMMENDATIONS
13        v.
                                               (Doc. Nos. 56, 75)
14   RALPH DIEZ, et al.,

15              Defendants.

16

17        Plaintiff Larry Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On March 7, 2024, the assigned magistrate judge issued findings and recommendations

21   recommending that defendants' motion for summary judgment in their favor (Doc. No. 56) be

22   granted as to plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim

23   and that this court decline to exercise supplemental jurisdiction over plaintiff's remaining state

24   law claims.  (Doc. No. 75 at 5–12.)[1]  The pending findings and recommendations concluded that

---

[1]  Plaintiff filed a motion for an extension of time to file an opposition to defendants' motion for
25   summary judgment which he dated March 5, 2024, but was not received by the court until March
26   11, 2024, after the pending findings and recommendations were issued.  (Doc. No. 76.)  The
     request for extension of time was based upon plaintiff's involvement in other cases he was
27   prosecuting on his own behalf (including depositions taken in those cases) and his serious
     medical conditions and treatment.  (*Id.*)  The motion was denied as untimely.  (Doc. No. 77.)
28

1

1  plaintiff never sought religious accommodations and that "whatever problems plaintiff faced with

2  respect to the practice of Thelema were of his own making by relying on another inmate and not

3  personally following up on any request for accommodation." (*Id.* at 9–10.)  The magistrate judge

4  also concluded that defendants, all of whom are supervisory personnel, could not be held liable in

5  connection with plaintiff's RLUIPA claim simply by virtue of having participated in the inmate

6  grievance process.  (*Id.* at 10–11.)

7    The pending findings and recommendations were served on the parties and contained

8  notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at

9  12.)  Plaintiff filed objections which were received by the court on March 29, 2024, but he simply

10  states therein that he objects to the pending findings and recommendations.  (Doc. No. 78.)

11  Defendants submitted no response to plaintiff's objections.

12    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

13  *de novo* review of the case and carefully reviewed the entire file, including plaintiff's objections.

14    In concluding that defendant's motion for summary judgment should be granted the

15  pending findings and recommendations acknowledged that defendants had presented four

16  arguments:

17     First, Defendants contend that the undisputed evidence shows that
18     Plaintiff could have sought and secured accommodations or
   exemptions relating to his practice of Thelema.  *See id*.  [Doc. No.
19     56-1] at 13.  Second, Defendants contend that they did not "make
   requesting and obtaining religious accommodations impossible or
20     practically futile for Plaintiff."  *Id*.  Third, Defendants assert that,
   because the applicable statutes and regulations applied to all
21     inmates irrespective of their religious beliefs or practices,
   Defendants "had no reason to pressure Plaintiff to act in ways that
22     violated his religious [sic] or make Plaintiff modify his behavior."
   *Id.* at 14.  Fourth, Defendants argue that there is no substantial
23     burden traceable to them for the simple reason that Plaintiff never
   sought religious accommodations or exemptions.  *See id*.

24  (Doc. No. 75 at 9.)  However, the findings and recommendations addressed only the last of these

25  arguments and did not base the recommendation that the motion for summary judgment be

26  granted on any of the other three grounds.  (*Id.* at 10–12.)  Thus, as noted above, it was

27  recommended that defendants' motion for summary judgment be granted solely on the following

28  basis:

2

> Based on Plaintiff's testimony, which Plaintiff has not contested, it is undisputed that whatever problems Plaintiff faced with respect to the practice of Thelema were of his own making by relying on another inmate and not personally following up on any request for accommodation.  Further, Defendants cannot be held liable simply by virtue of their participation in the inmate grievance process.

***

> Put simply, the undisputed evidence fails to establish a causal connection between Defendants – who are high-level supervisory personnel – and a RLUIPA violation.

(*Id.* at 10-11.)

However, in a portion of plaintiff's deposition attached to defendants' pending motion and thus before the court on summary judgment, plaintiff testified that he had in fact himself requested a religious accommodation through the inmate grievance process by submitting a form 602 making such a request.  (*See* Doc. No. 56-3 at 27.)  That same transcript reflects that at plaintiff's deposition, defendants' counsel appeared to accept that submitting a 602 appeal on the subject was a sufficient way in which to request a religious accommodation.  (*See id.* at 36 ("[S]o besides 602 what other ways did you try to get a religious accommodation?"); *see also id.* at 38 ("[Plaintiff:]  I said defendant Diaz and Gipson refused to comply with that law to grant exemption for tobacco products in religious exercises.  What do I mean by that?  They denied my 602.")).  In their pending motion for summary judgment, defendants do not address or explain in what way the filing of such a 602 inmate appeal, and the denial of that appeal by prison officials including named defendants, would not constitute an adequate request for religious accommodation.  Therefore, the undersigned declines to adopt the findings that plaintiff never sought religious accommodations and that "whatever problems he faced . . . were of his own making."  Based upon the evidence before the court on summary judgment, at the very least there exists a disputed issue of material fact as to whether plaintiff requested a religious accommodation from defendants.

The court also declines to adopt the recommendation that summary judgment be granted in defendants' favor as to plaintiff's RLUIPA claim because the defendants cannot be held liable simply by virtue of their participation in the inmate grievance process.  (*See* Doc. No. 75 at 10–

11.)  Notably, plaintiff is not seeking damages as to his claim but rather is seeking only injunctive relief.  (*See* Doc. No. 30 at 6); *see also Padilla v. Nev. Dep't of Corr.*, 510 F. App'x 629, 630 (9th Cir. 2013) ("We are unaware of any case that requires a prisoner's claim for injunctive relief to allege the personal participation of the defendants or to 'link' each specific defendant with an alleged constitutional violation.").[2]

Because the court will decline to adopt either of the grounds upon which the findings and recommendations recommend summary judgment be granted in favor of defendants as to plaintiff's federal RLUIPA claim, the court also declines to adopt the findings and recommendations recommending that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Accordingly:

1.     The court declines to adopt the findings and recommendations issued on March 7, 2024 (Doc. No. 75);

2.     This matter is referred back to the magistrate judge for further proceedings consistent with this order, including issuing new findings and recommendations addressing defendants' pending motion for summary judgment (Doc. No. 56).[3]

IT IS SO ORDERED.

Dated:   **April 16, 2024**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[3]  The undersigned also suggests that in light of this order the assigned magistrate judge may wish to consider granting plaintiff a short, but reasonable, period of time in which to file an opposition to defendants' still pending motion for summary judgment.