UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIEZ, et al.,<br><br>    Defendants. | No. 2:20-cv-00071-DAD-DMC (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 56, 81) |

      Plaintiff Larry Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 27, 2025, the assigned magistrate judge issued the pending findings and recommendations recommending that defendants' motion for summary judgment in their favor (Doc. No. 56) be granted as to plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim and that the court decline to exercise supplemental jurisdiction over

/////
/////
/////
/////

plaintiff's remaining state law claims. (Doc. No. 81 at 7–18.)[1] Therein the magistrate judge concluded that plaintiff could establish a substantial burden on his practice of Thelema, a form of modern Paganism, based upon defendants' refusal to allow plaintiff to possess in his cell or use several pounds of tobacco and other assorted items in connection with a "wheel of love" ceremony. (Doc. No. 81 at 3, 10–11.) In particular, the findings and recommendations pointed out that plaintiff's deposition, which was attached to defendants' pending motion for summary judgment, indicates that plaintiff had requested a religious accommodation through the inmate grievance process. (*Id.* at 10; *see* Doc. No. 56-3 at 27.) The findings and recommendations then determined whether the denial of plaintiff's religious accommodation furthered any compelling state interests by the least restrictive means and concluded that the imposed restriction on plaintiff's use and possession of tobacco products satisfied that requirement. (Doc. No. 81 at 12–15.) The findings and recommendations concluded that the restriction on other assorted items, such as colognes, perfumes, incense sticks, and charm bags, did not further compelling state interests by the least restrictive means but that defendants were entitled to summary judgment on qualified immunity grounds as to that aspect of plaintiff's claim. (*Id.* at 15–17.) Accordingly, the findings and recommendations recommended that defendant's motion for summary judgment be granted as to plaintiff's RLUIPA claim. (*Id.* at 18.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 18.) Although he did not file any opposition to the pending motions for summary judgment, on April 11, 2025, plaintiff timely filed his objections to the findings and recommendations. (Doc. No.

---

[1] Previously, the assigned magistrate judge had issued findings and recommendations recommending that defendants' same motion for summary judgment be granted because plaintiff had never sought religious accommodations and that the defendants could not be held liable with respect to plaintiff's RLUIPA claim simply by having participated in the inmate grievance process. (Doc. No. 75 at 9–11.) The undersigned declined to adopt those findings and recommendations, finding, at the very least, that the evidence on summary judgment established a disputed issue of material fact as to whether plaintiff requested a religious accommodation from defendants and because plaintiff seeks only injunctive relief. (Doc. No. 79 at 3–4.) Accordingly, the pending motion was referred back to the assigned magistrate judge and the pending findings and recommendations were then issued.

2

82.) In those objections, plaintiff avers that other inmates have been allowed to receive tobacco products for purposes of religious ceremonies. (*Id*. at 2.) Defendant submitted no response to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case and carefully reviewed the entire file, including plaintiff's objections.

For a RLUIPA claim, the plaintiff bears an initial burden to demonstrate a *prima facie* claim that the prison's actions constitute a substantial burden of the exercise of the plaintiff's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). "Once the prisoner makes a *prima facie* showing, the burden shifts to the government to prove that the burden is the least restrictive means of furthering a compelling governmental interest." *Nealy v. Shinn*, No. 20-cv-01123-PHX-DLR-JFM, 2022 WL 21756874, at *5 (D. Ariz. July 19, 2022) (citing *Jones v. Slade*, 23 F.4th 1124, 1140 (9th Cir. 2022)).

As a preliminary matter, the magistrate judge noted that the undersigned has already found that plaintiff had established the existence of disputed issue of material fact as to whether he had requested a religious accommodation from defendants. (Doc. No. 81 at 10–11.) The magistrate judge then concluded that, for purposes of resolving the pending motion, defendants' actions in preventing plaintiff from possessing or using tobacco for religious purposes constituted a substantial burden on his religious practice. (*Id.*) The undersigned adopts this reasoning and accordingly considers whether defendants have met their burden on summary judgment of showing that their conduct furthered a compelling government interest by the least restrictive means.

The findings and recommendations concluded that a ban on the possession and use by plaintiff of tobacco products was the least restrictive means to accomplish the compelling governmental interest in minimizing inmate exposure to second-hand smoke. (Doc. No. 81 at 15.) However, defendants have not offered any evidence on summary judgment establishing that they have "actually considered and rejected the efficacy of less restrictive measures" as they are required to do in order to satisfy their burden in this regard. *Warsoldier*, 418 F.3d at 999; *see also Al Saud v. Days*, 50 F.4th 705, 713 (9th Cir. 2022) ("It is true that the government cannot

disclaim its burden to show that its policy is narrowly tailored by putting the onus on the plaintiff to 'identify any less restrictive means' and 'do[ing] nothing to rebut [] obvious alternatives.'") (quoting *Ramirez v. Collier*, 595 U.S. 411, 432 (2022)).[2]

Defendant's failure to present evidence on summary judgment regarding the consideration of alternatives appears to be based upon defendants' faulty assumption that plaintiff never requested religious accommodation. (*See* Doc. No. 56-1 at 17–18) ("Importantly, failing to provide an *unrequested* accommodation does not violate the least restrictive means standard . . . .") (emphasis added). As the magistrate judge noted in the pending findings and recommendations (Doc. No. 81 at 10), this is an assumption which the court has already rejected in finding that the evidence on summary judgment establishes the existence of a genuine dispute of material fact as to whether plaintiff filed an inmate grievance seeking religious accommodation. (Doc. No. 79 at 3) ("Based upon the evidence before the court on summary judgment, at the very least there exists a disputed issue of material fact as to whether plaintiff requested a religious accommodation from defendants."). Moreover, defendants have conceded that other California state prisoners are allowed to use tobacco products in approved inmate religious ceremonies. (Doc. No. 56-1 at 9.) This concession strongly indicates that defendants in fact have a less restrictive means to accomplish their stated goal. *See Nance v. Miser*, 700 F. App'x 629, 632–33 (9th Cir. 2017)[3] (holding that, because other prisons permitted the use of

---

[2] Defendants appear to argue that it would not have been possible to "institute[] precisely tailored regulations" for plaintiff's religious observances of Thelema because Thelema enables infinite religious observances. (Doc. No. 56-1 at 18.) In support of this contention, defendants cite a Seventh Circuit case in which the court discussed the possibility of religious observances that may be difficult for prisons to accommodate because of their frequency. *Grayson v. Schuler*, 666 F.3d 450, 455 (7th Cir. 2012). However, the Seventh Circuit explicitly held there that "[p]rison chaplains may not determine which religious observances are permissible because orthodox[]" and concluded that the defendant could not forbid a practitioner of one religion from "wear[ing] long hair" but disallow a practitioner of another religion from doing the same. *Id.*; *see also Koger v. Bryan*, 523 F.3d 789, 797–98 (7th Cir. 2008) (finding that the plaintiff's request for a non-meat diet was an expression of his sincerely held beliefs in Thelema and concluding that the defendants had not shown that denial of that request was the least restrictive means of furthering a compelling government interest).

[3] Citations to the unpublished Ninth Circuit opinions in this order are appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

scented oils and the defendants did not identify "the failings in the alternatives advanced by the prisoner", the defendants' total ban on the use of scented oils was not the least restrictive means of furthering a compelling government interest) (quoting *Warsoldier*, 418 F.3d at 1000). Because defendants have not satisfied their burden on summary judgment, the undersigned will decline to adopt the findings and recommendations in this regard.

With respect to "other items" besides tobacco, the magistrate judge found that defendants had not shown how restriction on the acquisition and possession by plaintiff of those items furthered a compelling governmental interest of prison security. (Doc. No. 81 at 13–14.) Specifically, the magistrate judge found that defendants' contention that "other items" could be used as weapons or enable smuggling was conclusory and "unsupported by any citation to the evidence or case authority." (*Id.* at 14.) The undersigned adopts this reasoning and concludes that defendants have also not met their burden to show that defendants' restriction on "other items" was the least restrictive means to further a compelling governmental interest.

Nonetheless, the magistrate judge concluded that defendants were entitled to summary judgment in their favor on qualified immunity grounds with respect to the aspect of plaintiff's RLUIPA claim related to these "other items." (Doc. No. 81 at 15–17.) The undersigned declines to adopt the findings and recommendations in this regard. In his first amended complaint, plaintiff seeks only declaratory and injunctive relief. (Doc. No. 30 at 6, 16.) "Qualified immunity does not preclude [plaintiff's] request for injunctive relief." *Mayweathers v. Woodford*, 393 F. App'x. 425, 427 (9th Cir. 2010) (citing *Walker v. Gomez*, 370 F.3d 969, 978 (9th Cir. 2004) (holding that qualified immunity cannot bar claims for injunctive relief or declaratory relief)); *see also Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012) ("Qualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief."). The court also notes that, as to all of his claims, plaintiff requests only injunctive and declaratory relief. Accordingly, qualified immunity also does not preclude such relief as to plaintiff's RLUIPA claim to the extent it relates to the restriction on his acquisition and possession of tobacco and tobacco related products.

/////

1     Accordingly, the court will deny defendants' motion for summary judgment in their favor
2 as to plaintiff's RLUIPA claim in its entirety. Therefore, the court will also not adopt the
3 recommendation that the court decline to exercise supplemental jurisdiction over plaintiff's state
4 law claims.

    Accordingly,

1. The court declines to adopt the findings and recommendations issued on March 27, 2025 (Doc. No. 81);
2. Defendants' motion for summary judgment (Doc. No. 56) is DENIED; and,
3. This matter is referred back to the magistrate judge for further proceedings consistent with this order.[4]

IT IS SO ORDERED.

Dated:   **May 8, 2025**

                              DALE A. DROZD
                              UNITED STATES DISTRICT JUDGE

---

[4] In the court's view, defendants' motion for summary judgment filed in this case in January of 2023, turns out to have been fundamentally flawed in several respects. Findings and recommendations addressing that motion have now been issued and rejected twice. In rejecting those findings and recommendations, the court has not intended to express any view as to the merits of plaintiff's claims. Rather, in both orders the court has merely concluded that, although unopposed, defendants have failed to satisfy their burden on summary judgment and that certain conclusions reached in those findings and recommendation were not supported by controlling legal authority. Nonetheless, if defendants' counsel believes that this action is still susceptible to resolution by way of summary judgment motion, albeit one more thorough and finely tuned than the one denied by this order, and the magistrate judge agrees, the court has no objection to the time for filing of such a motion being re-opened. A new motion could include a more complete presentation of evidence on issues addressed by the court in this order. The court also notes that plaintiff has recently filed a notice of change of address (Doc. No. 81) but expresses no view on any impact that may have on this action in light of the named defendants.