IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>CONNIE GIPSON, et al.,<br><br>  Defendants. | No. 2:20-CV-0071-DAD-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 83.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted based on the following statement:

> On April 4, 2025, at 1030 hour, at Doctor's Line with Dr. A. Mohammed, who informed Plaintiff, who has been refusing antibiotics for spinal bacterial infection since Jan. 15, 2025 (as a mean of protesting inadequate medical care at R.J.D. Prison), which Plaintiff is required to take twice daily for life, that he would be sent to an outside hospital for treatment. Plaintiff does not know how [long] this treatment will take but will keep the court informed. However, Plaintiff prays the court will appoint counsel to represent him in any upcoming court dates!
>
> ECF No. 83.

Plaintiff's treatment at an outside facility following Plaintiff's refusal to take required medical does not present an exceptional circumstance warranting the appointment of counsel. Moreover, the docket reflects that, to date, Plaintiff has been able to articulate his claims and arguments. Next, the Court does not find that the facts or law related to Plaintiff's case are overly complicated.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 83, is denied.

Dated: June 9, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE