IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-0071-DAD-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 93.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he does not know how long he will be in the hospital following the surgery which he states occurred on July 17, 2025. See ECF No. 93. Plaintiff also speculates that his legal papers will "get mixed together" as part of the process of transferring Plaintiff to and from the hospital. See id. Plaintiff also argues that the Court should appoint counsel because he is incarcerated, and this case will involve conflicting testimony. See id.

The Court finds that these circumstances are not exceptional. First, Plaintiff's incarceration is common to many litigants pursing pro se civil rights claims arising from prison conditions. Second, a review of the record demonstrates that Plaintiff is able to articulate his claims on his own. Third, conflicting testimony as also not an exceptional circumstance as almost every case involves some level of testimony which is in conflict and must be decided by a trier of fact. In this regard, the Court notes that, despite the reasons Plaintiff argues warrant appointment of counsel, Plaintiff was able to timely file his status report pursuant to the Cout's June 10, 2025, order. Finally, the Court does not find that the issues involved in Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act are neither legally nor factually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No. 93, is denied.

Dated: August 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE